DOWDELL v. SUPER-HEATER COMPANY.

[No. 14,334. Filed October 30, 1931.]

*McAleer, Dorsey, Clark & Travis, Francis J. Dorsey* and *Joseph H. Conroy,* for appellant.

*Henry L. Humrichouser,* for appellee.

KIME, J.—This is an appeal from the full Industrial Board of Indiana awarding the appellant compensation

for 100 weeks at $16.50 per week following a finding that he had suffered a 50 per cent permanent partial impairment to his right hand below the elbow.

Appellant contends that under §31 of the Indiana Workmen's Compensation Act of 1929 (Acts 1929, ch. 172, p. 536, §9446 *et. seq.* Burns Supp. 1929) he is entitled to 154½ weeks' compensation at $16.50 per week, and bases his contention on the claim that he is entitled to 40 weeks for amputation of the index finger and 40 weeks for loss of use of the same finger; 35 weeks for amputation and 35 weeks for loss of use of the second finger; and to 15 per cent of 30 weeks for partial loss of use of the ring finger. It appears that the index and second finger of his right hand were amputated and the third finger had lacerations on the inner and palmer surface with resultant scar tissue. One doctor testified that he had full passive, and 90 per cent active, motion of the ring finger and that its function would eventually be restored to normal. The appellant's physician said that the percentage of loss in the hand because of the injury and because it was his right hand was 60 per cent; that if it had been the left it would be only 50 per cent. The physician for the appellee said that the hand from the elbow down was impaired 40 per cent. Appellant attempts to show that he suffered amputation, loss of use, and permanent partial loss of use; but the expert medical testimony shows conclusively that there was no permanent partial loss of use.

The appellant had received all the compensation that he is entitled to, if not more, and he has not shown where he has been harmed. The appellee is not complaining of the award made against it. The contention of the appellant is not sustained by the evidence.

There being ample evidence to sustain it, the award of the Industrial Board is affirmed, and it is so ordered.